UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

JAMES C. HALL,                          )
                                        )
         Plaintiff,                     )
                                        )
v.                                      )          1:13-cv-53
                                        )          *Judge Curtis L. Collier*
ERLANGER HOSPITAL,                      )
                                        )
         *Defendant*.                   )

### MEMORANDUM

Plaintiff James C. Hall ("Plaintiff") has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, against Erlanger Hospital (Court File No. 1), a motion to proceed *in forma pauperis* (Court file No. 3), and a motion to amend his complaint (Court File No. 4). Plaintiff contends Erlanger Hospital allowed unidentified Soddy Daisy Police Officers and unidentified Hospital Security Officers to tase him, on January 3, 2012, at approximately 2:30 a.m., while he was handcuffed in the basement of the hospital. Plaintiff also claims Erlanger Hospital allowed an unidentified Lab Tech to draw his blood, presumably, against his will (Court File No. 1). In his motion to amend, which is somewhat confusing, Plaintiff provides more facts and identifies the date on which this alleged incident occurred as "1-4-12[.]" (Court File No. 4).

Plaintiff seeks financial compensation in the amount of twenty-five million dollars. In addition, he requests a change of venue "for many purposes," none of which is identified, to Nashville, Tennessee (Court File No. 1).

For the reasons explained below the Plaintiff's complaint will be **DISMISSED WITH PREJUDICE** *sua sponte* as time-barred (Court File No. 1), his to proceed *in forma pauperis* will

be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 3), and his motion to amend will be **DENIED as FUTILE** (Court File No. 4).

## I.      APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Although it appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00, he is not relieved of the ultimate responsibility of paying the $350.00 filing fee (Court File No. 3). Thus, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED IN PART** and **DENIED IN PART** (Court File No. 3). It is **GRANTED** to the extent Plaintiff is permitted to file his complaint without prepayment of the full filing fee but **DENIED** to the extent that he is not relieved of the ultimate responsibility of paying the $350.00 filing fee as he will be assessed the fee and required to make the payment in installments. Since Plaintiff is a prisoner in custody at Silverdale Detention Center in Chattanooga, Tennessee, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Plaintiff **SHALL** pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides **SHALL** submit to the Clerk, United States District Court, 900 Georgia Avenue, Chattanooga, TN 37402, as an initial partial payment, whichever is the greater of

(a)      twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b)      twenty percent (20%) of the average monthly balance in Plaintiff's

2

inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden and the Custodian of Inmate Accounts at Silverdale Detention Center, the Commissioner of the Tennessee Department of Correction, the Attorney General for the State of Tennessee, and the Court's Financial Deputy to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff **SHALL** continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid. Plaintiff is **ORDERED** to provide the prison officials at any new institution with a copy of this order.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are confusingly pled. As the Court understands his allegations, on January 3, 2012, Plaintiff was at Erlanger hospital and Soddy Daisy law enforcement officers, along with Erlanger security staff tased him while he was handcuffed and put him in a headlock (Court File No. 1). Plaintiff lost consciousness during the alleged incident. Presumably, a lab tech employed by Erlanger drew Plaintiff's blood to check his blood-alcohol level, which was a "legal" level (Court File No. 1). Plaintiff contends Erlanger Hospital conspired to hide the alleged

3

aggravated assaults by their staff and the Soddy Daisy police officials.

In his motion to amend, Plaintiff indicates this altercation occurred on January 4, 2012, and that there is a video showing Plaintiff being led to the basement in handcuffs. Plaintiff further contends that once outside the view of the video, some unidentified "they" wrenched his hands above his head from behind, driving his head into concrete; cracked his neck with a knee drop; wrenched his thumb to the breaking point; and one officer pulled one leg one way while kicking him in the testicles, leaving a big knot on his left testicle. (Court File No. 4).

## III.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915A AND 1915(E)

The Court screens the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A. When performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555 (citations omitted).

During the screening process, the Court is mindful that where a deficiency in the complaint

is able to be cured, Plaintiff shall be permitted to amend his complaint to cure such deficiency. *See LaFountain v. Harry,* ___ F.3d ____, 2013 WL 2221569 (6th Cir. May 22, 2013) (overruling *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997) to the extent that *McGore* held that when the PLRA required dismissal of a prisoner's claim, a district court could not grant leave to amend, and vacating and remanding the district court's dismissal of some claims to determine whether to allow LaFountain to amend his complaint which was dismissed pursuant to the PLRA screening).

## IV.  ANALYSIS

### A.  <u>42 U.S.C. § 1983</u>

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992).

### B.  <u>Timeliness</u>

Title 42 U.S.C. § 1983 does not contain a statute of limitations.  The United States Constitution and the federal statutes enacted by Congress do not expressly provide a statute of limitations for claims arising under 42 U.S.C. § 1983. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (discussing the application of state law to determine statute of limitations in § 1983 and in such actions involving federal parties).  Where Congress does not specify a period of limitations in a federal statute for bringing a civil action, this Court is required to apply the most closely analogous state statute of limitation and tolling principles to determine the timeliness of the

5

claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). However, federal law determines the accrual of those claims.

Under Tennessee law, the statute of limitation for a civil action for compensatory or punitive damages brought under the federal civil rights statute is one year after the cause of action has accrued. The one-year statute of limitation period contained in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Tenn. Code Ann. § 28-3-104(a)(3) provides that actions brought under federal civil rights statutes shall be commenced within one year after the cause of action accrued. Federal law determines when claims accrue. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied,* 520 U.S. 1267 (1997).

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed. *See Echols v. Chrysler Corp.,* 633 F.2d 722, 725-26 (6th Cir. 1980). In 42 U.S.C. § 1983 cases, a cause of action accrues and the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his complaint. *Kelly v. Burks,* 415 F.3d 558, 561 (6th cir. 2005); *Collyer,* 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991).

To determine when Plaintiff's 42 U.S.C. § 1983 claims accrued and the one-year statute of limitations commenced to run, the Court looks to the date when Plaintiff became aware of the claims he now raises. *See generally Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (excessive force in effectuating an arrest accrues at time of arrest); *Schreiber v. Moe,* 596 F3d. 323, 334 (6th

6

Cir. 2010) ("Generally speaking, a claim of excessive force does not necessarily relate to the validity of the underlying conviction and therefore may be immediately cognizable.") (internal punctuation and citation omitted). Because the alleged unconstitutional excessive use of force occurred on January 3 or 4, 2012,[1] and it does not appear from the record before the Court that the concerns of the *Heck* favorable termination rule[2] are implicated in this case, the Court concludes that Plaintiff's excessive use of force claim accrued at the time of the alleged incident, i.e., January 4, 2012. Therefore, the one-year statute of limitations commenced to run on that date. Consequently, the one-year statute of limitation expired on January 3, 2013, more than a month prior to Plaintiff filing this civil rights complaint.

Plaintiffs have one year from the date a cause of action accrued within which to file federal civil rights claims under 42 U.S.C. § 1983. The Clerk of the District Court received Plaintiff's *pro se* civil complaint by mail on February 21, 2013 (Court File No. 1). Although the envelope does not reflect when the complaint was given to the prison mailroom, paragraph three (3) of Plaintiff's complaint, indicates he prepared the complaint on February 16, 2003 (Court File No. 1, ¶ 3). The prison mailbox rule, provides that a filing of an incarcerated *pro se* inmate is deemed to be filed when he delivers the mail to prison authorities for mailing to the Court. *Houston v. Lack*, 487 U.S. 266 (1988). For purposes of calculating the statute of limitations here, because the Court is unable

---

[1]    In his complaint, Plaintiff alleges the incident happened on January 3, 2012, at approximately 2:30 a.m., and in his motion to amend, he indicates the incident happened on January 4, 2012 (Court File Nos. 1, 4). The Court will generously use the January 4, 2012, date to determine the statute of limitations.

[2]    The *Heck* favorable termination rule provides that the statute of limitations does not begin to run on a criminal defendant's § 1983 claim until the criminal charges have been dismissed if the § 1983 claim could bring the claimant's criminal conviction into question. *Heck v. Humphrey*, 512 U.S. 477 (1994)

7

to determine when Plaintiff delivered the mail to prison authorities for mailing, the Court generously uses the date on which Plaintiff indicates he prepared his complaint–February 16, 2013 (Court File No. 1, ¶ 3). Therefore, Plaintiff's civil complaint is deemed to have been filed February 16, 2013, which is more than a month after the one-year statute of limitations had expired. Thus, his complaint is untimely. Consequently, granting Plaintiff leave to amend his untimely complaint would be futile (Court File No. 4).

Accordingly, Plaintiff's 42 U.S.C. § 1983 complaint will be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous on the ground that these civil rights claims are time-barred by the applicable statute of limitations, and therefore, lack an arguable or rational basis in law. *Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. Apr. 24, 1998) *available at* 1998 WL 211796, *1 (affirmed dismissal of claim as frivolous because it was barred by statute of limitations and did not present a rational basis in law); *Day v. E.I. Du Pont De Nemours and Co.,* 165 F.3d 27 (6th Cir. Sept. 17, 1998), *available in* 1998 WL 669939 at *1 (the *sua sponte* dismissal of *in forma pauperis* complaint appropriate under 28 U.S.C. § 1915(e)(2) where complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (claims barred by the statute of limitations are frivolous). In addition, Plaintiff's motion to amend his untimely complaint will be **DENIED** as **FUTILE** (Court File No. 4).

V.    <u>**CONCLUSION**</u>

Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 3), his complaint will be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983

8

because it is time-barred, 28 U.S.C. §§ 1915(e) and 1915A (Court File No. 1), and his motion to amend will be **DENIED** as **FUTILE** (Court File No. 4). Had Plaintiff timely filed his § 1983 complaint, the Court would have permitted him to amend his complaint, but since the untimeliness of Plaintiff's complaint is not curable by amendment, it would be futile to grant his motion to amend his complaint. *LaFountain v. Harry,* ___ F.3d ___, 2013 WL 2221569 (6th Cir. May 22, 2013)

Accordingly, Plaintiff' complaint will be **DISMISSED WITH PREJUDICE** *sua sponte* in its entirety. An appropriate judgment order will enter.


**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**